**Caroline DOUBIAGO, Appellant,**

v.

**Carl Bradley McCLARNEY, Appellee.**

No. 82A01–9507–CV–208.

Court of Appeals of Indiana.

Dec. 27, 1995.

Transfer Denied March 14, 1996.

Lawrence L. Grimes, Bowers, Harrison, Kent & Miller, Evansville, for Appellant.

Laurie Baiden Bumb, Keating, Bumb & Vowels, Evansville, for Appellee.

---

## OPINION

ROBERTSON, Judge.

Caroline Doubiago [Mother] appeals the trial court's modification of the child custody order with respect to the child born of her marriage to Carl Bradley McClarney [Father]. The sole issue on appeal may be restated as:

whether the trial court's modification of custody constitutes an abuse of discretion (or was clearly erroneous).

We affirm.

## FACTS

Mother and Father divorced in 1991 when their son was two-years-old. The dissolution decree provided for a joint legal custodial arrangement with primary physical custody in Mother.

Father filed the instant petition for modification in 1993. Litigation ensued over the next two years primarily over the issue of visitation, with multiple petitions filed and orders entered. Obviously, the joint legal custodial arrangement had failed.

Trial was held on December 19 and 20, 1994. The trial court entered its order granting Father's petition to modify and awarded him sole legal custody subject to Mother's reasonable (and scheduled) visitation. This appeal ensued.

The facts which support the trial court's decision are discussed below.

## DECISION

Indiana Code 31–1–11.5–22 reads in pertinent part as follows:

(d) The court may not modify a child custody order unless:

(1) it is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors which the court may consider under [Ind.Code 31–1–11.5–21(a) ].

(e) In making its determination, the court shall consider the factors listed under [I.C. 31–1–11.5–21(a) ].

(f) The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child
. . .

This statute, effective July 1, 1994, represents a change in the law away from the long-standing, rather stringent standard enunciated in *Lamb v. Wenning* (1992), Ind., 600 N.E.2d 96, as follows:

A trial court may modify a custody arrangement only upon 'a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable.'

*Id.* at 98 (Citing the earlier version of I.C. 31–1–11.5–22(d)). The amended statute has not, as of yet, been applied in a published opinion.

Indiana Code 31–1–11.5–21(a), referred to in the statute cited above, reads:

The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there shall be no presumption favoring either parent. The court shall consider *all relevant factors* including:

(1) the age and sex of the child;

(2) the wishes of the child's parent or parents;

(3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;

(4) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(5) the child's adjustment to his home, school, and community; and

(6) the mental and physical health of all individuals involved.

(Emphasis added). The emphasized portion of the statute above indicates that the trial court must consider all relevant factors, not only those specifically enumerated.

██ On review of a child custody modification, we do not reweigh evidence or reas-

sess witness credibility and we consider only the evidence which supports the trial court's decision. *Pierce v. Pierce* (1993), Ind.App., 620 N.E.2d 726, 729, *trans. denied.* We may reverse a child custody modification for an insufficiency of evidence/abuse of discretion. *Id.*

 The child's interest is the paramount consideration in custody modifications and takes precedence over the parent's interests and desires. *Id.* A custody modification may be warranted by a change in the custodial parent's overall fitness as a parent, including a deterioration in her mental condition. *Id.*

 In the present case, the evidence establishes that Mother has regularly engaged in violent angry outbursts, often associated with her consumption of alcohol. Although Mother has always had a bad temper, the evidence would indicate that matters have escalated since the divorce. On one occasion, she was arrested for disorderly conduct because she had refused to quit screaming obscenities at police officers who had been dispatched to her home. On another occasion, Mother struck her present husband in the head causing his eardrum to burst.

Several of Mother's tantrums have involved the child. On Christmas Eve, 1994, Mother arrived at Father's home to pick up the child who did not want to go with her. Mother stormed from the house, slamming the door. She then returned with the child's suitcase and threw it inside the door, telling him to just stay there. On Christmas morning at Mother's house, the child got a switch in his stocking with a note from Santa regarding the incident the night before. On another occasion, Mother created a scene at the child's tee-ball game, took the boy home with her, refused to permit Father to exercise the remainder of his visitation, and had police waiting for Father when he arrived to pick up the child.

An independent custody evaluation was conducted by a clinical psychologist who recommended that the child's best interest would be served by a modification of custody with sole legal custody placed in Father. The psychologist expressed great concern about Mother's emotional stability, her suspicious nature, the difficulties she was having in her relationships, her tendency to blame others for problems, her self-centeredness, and her propensity to respond and over-react aggressively and with anger.

The evidence overwhelmingly supports the trial court's modification of the custody arrangement. We find no abuse of discretion.

Judgment affirmed.

BAKER and STATON, JJ., concur.